IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JANNETTE TAYLOR, on behalf of herself
and all others similarly situated;

        Plaintiff,

vs.

MERCHANTS CREDIT ADJUSTORS, INC.,
and PANSING, HOGAN, ERNST &
BACHMAN, L.L.P.,

        Defendants.

**8:16CV452**

**FINDINGS AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Class. (Filing No. 65.) Plaintiff seeks an order certifying a settlement class, preliminarily approving the terms of the parties' settlement agreement, and approving the form and method for providing class-wide notice. For the reasons set forth below, the Court will recommend that the motion be granted.

## BACKGROUND

On October 4, 2016, Plaintiff filed a class action complaint against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. §§ 59-1601, *et seq*. The complaint alleges that Defendants violated the FDCPA and NCPA by (1) filing county court complaints against Nebraska consumers that represent that a demand has been sent more than 90 days prior to filing suit when such a demand has not been sent and (2) sending requests for admissions that misrepresent the consumers' rights in responding to the requests. (Filing No. 1.)

Following negotiations, the parties reached a settlement of all claims asserted in this case. The parties' Class Action Settlement Agreement ("Settlement Agreement") (Filing No. 67-1)

defines the following proposed settlement classes (collectively referred to herein as "Settlement Class"):[1]

FDCPA Class No. 1

This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of Exhibit A attached to Plaintiff's Complaint (iii) in an attempt to collect an alleged debt (iv) which was for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

FDCPA Class No. 2

This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Requests for Admissions in the form of Exhibit C attached to Plaintiff's Complaint (iii) in an attempt to collect an alleged debt (iv) which was for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

NCPA Class No. 1

This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of Exhibit A attached to Plaintiff's Complaint (iii) in an attempt to collect an alleged debt (iv) which was for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

NCPA Class No. 2

This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Requests for Admissions in the form of Exhibit C attached to Plaintiff's Complaint (iii) in an attempt to collect an alleged debt (iv) which was for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

Excluded from the class is:

---

[1] Settlement Class members are collectively referred to herein as "Class Members."

      a.      Any person who is already subject to an existing release;

      b.      Any person who is deceased;

      c.      Any person who has filed for bankruptcy protection under Title 11 of the United States Code; and

      d.      Any Class Member who timely mails a request for exclusion.

([Filing No. 67-1](#).)  Defendants represent that there are approximately 2,740 one-year Class Members and approximately 12,400 four-year Class Members.

Under the Settlement Agreement, Defendant will establish two settlement funds for distribution to Class Members.  The cash payment to all Class Members to be divided is $98,320.00.  Defendants have agreed to pay Class Members who fall within the FDCA Class No. 1 or NCPA Class No. 1 a share of $23,320.00.  Defendants have further agreed that four-year class members who paid attorneys' fees and/or interest to Defendant Merchants Credit Adjusters, Inc. as a result of a judgment entered in a Nebraska state court, will be allowed to submit a claim for the amount that member paid.  These claims will be paid from a second settlement fund which totals $75,000.00.  If the amount of claims received exceeds $75,000.00, each claimant will receive his or her pro rata share of that settlement fund.  Any amount of that settlement fund remaining after payment to all claimants will be distributed evenly to all members who receive payment from the first settlement fund.

Defendants have agreed not to send requests for admissions to consumers that state that sworn answers must be filed with the court.  Defendant Pansing, Hogan, Ernst & Bachman, LLP has further agreed that when seeking attorneys' fees under Neb. Rev. Stat. § 25-1801 on behalf of Merchant Credit Adjusters, Inc., it will include the date the demand letter was sent to the respective consumer.  The Settlement Agreement also requires Defendants to pay attorneys' fees, costs and expenses in an amount not to exceed $57,000.00.  Plaintiff, as class representative, will receive $6,000.00 as her individual settlement payment.

**DISCUSSION**

Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation"). Fed. R. Civ. P. 23.

In assessing whether the numerosity component is satisfied, a number of factors are relevant, including the number of persons in the proposed class, the nature of the action, the size of the individual claims and the inconvenience of trying individual suits. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982). "The commonality requirement is satisfied if the claims of the class depend upon a common contention whose truth or falsity will resolve an issue that is central to the validity of each class member's claims." *Henggeler v. Brumbaugh & Quandahl, P.C., LLO*, No. 8:11CV334, 2013 WL 5881422, *2 (D. Neb. Oct. 25, 2013) (internal quotations omitted). The typicality requirement is met if there are "other members of the class who have the same or similar grievances as the plaintiff." *Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quotation omitted). The adequacy of representation element concerns "[w]hether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit." *Henggeler*, 2013 WL 5881422 at *3.

If the requirements of numerosity, commonality, typicality and adequacy of representation are met, a plaintiff must then satisfy one of the three subsections of Federal Rule of Civil Procedure 23(b). Rule 23(b)(3) provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23.

The Court finds that the requirements of numerosity, commonality, typicality and adequacy of representation have been met. The proposed one-year settlement class consists of approximately 2,740 members, and there are approximately 12,400 members of the four-year settlement class. Given this number, it would be impracticable to try cases separately. The commonality component is likewise satisfied because there are questions of law and fact common to all Class Members and that the claims arise from a similar course of conduct on the part of Defendants. The complaints and discovery sent to Class Members seemingly only differ with respect to each member's personal information. Also, the typicality requirement is satisfied because Class Members would have similar grievances as the named Plaintiff and claims would be based on the same legal theories. Finally, the adequacy of representation element has been met because there is no conflict of interest between Plaintiff and the Class Members. Plaintiff's common interests with Class Members ensure that the class will be fairly and adequately protected and counsel has considerable experience in class-action litigation.

Federal Rule of Civil Procedure 23(b)(3) is likewise satisfied. Common questions predominate over any questions affecting only individual members. The predominating issue in this case is whether Defendants violated the FDCPA and NCPA by allegedly filing inaccurate county court complaints against Class Members and sending Class Members requests for admissions containing misrepresentations. Also, certifying the class for settlement purposes will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quotation omitted). A class action is superior to other methods of fairly adjudicating the controversy. Thus, the Court preliminarily finds, for purposes of settlement only, that the proposed settlement class should be certified.

Plaintiff also seeks preliminary approval of the Settlement Agreement. "In considering preliminary approval of a proposed settlement in a class action case, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice." *Smith v. Gurstel Chargo, P.A.*, No. 8:14CV183, 2014 WL 6453772, *3 (D. Neb. Nov. 17, 2014). "The purpose of preliminary evaluation of proposed class action settlements is to determine whether the

settlement is within the range of reasonableness such that notice should be issued to the class." *Briles v. Tiburon Financial, LLC*, No. 8:15CV241, 2016 WL 4094866, *5 (D. Neb. Aug. 1, 2016). Four factors are examined to determine whether a proposed settlement is fair, reasonable, and adequate: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In Re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005).

The Court has reviewed the Settlement Agreement and preliminarily finds that its terms are within the range of reasonableness. Under the terms of the Settlement Agreement, two settlement funds will be established for a total settlement amount of $98,320.00. One settlement fund will be in the amount of $23,320.00, and the second settlement fund will be in the amount of $75,000.00. Class Members who fall within the FDCA Class No. 1 or NCPA Class No. 1 will receive a share of the $23,320.00 settlement fund. Members of the four-year class who paid attorneys' fees and/or interest to Defendant Merchants Credit Adjusters, Inc. as a result of a judgment entered in a Nebraska state court, will be allowed to submit a claim for the amount that member paid. These claims will be paid from a second settlement fund of $75,000.00. The Settlement Agreement's provisions appear to be fundamentally fair, reasonable, adequate, and in the best interest of the Class Members. In light of the expense and likely duration of further litigation, the Settlement Agreement provides significant benefits to Class Members. Plaintiff has shown that the settlement is the result of arms-length negotiations and that counsel for all parties have considerable experience in class action litigation.

Moreover, the Court finds that the Settlement Agreement establishes a procedure which would provide adequate notice to class members. "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23. The Settlement Agreement provides for mailed notices to each Class Member. (Filing No. 67-1.) This type of notice satisfies Rule 23. *See Henggeler*, 2013 WL 5881422 at *5 ("The Agreement provides for individual mailed notices to each of the class members. Individual notice is the best notice practicable"). Class Members will receive notice

by mail and have the opportunity to exclude themselves from the class. Therefore, the Court concludes that the terms of the parties' Settlement Agreement should be preliminarily approved.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Joseph F. Bataillon that:

1. Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Class (Filing No. 65) be granted.

2. The Court certify the Settlement Class as defined above.

3. The Class Action Settlement Agreement (Filing No. 67-1) be preliminarily approved pending a final fairness hearing.

4. The Proposed Class Notice (Filing No. 67-2) be approved.

5. Plaintiff be appointed as class representative. Pam Car and William Reinbrecht of the law firm Car & Reinbrecht, P.C. LLO, and Tregg Lunn of the Law Office of Tregg Lunn be appointed as class counsel.

6. The Court schedule a final hearing to determine whether the proposed settlement is fair, reasonable and adequate.

Dated this 21st day of November, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.