IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANNETTE TAYLOR, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>MERCHANTS CREDIT ADJUSTORS, INC., and PANSING, HOGAN, ERNST & BACHMAN, L.L.P.,<br><br>Defendants. | 8:16CV452<br><br>ORDER |

This matter is before the court on the Findings and Recommendation of United States Magistrate Judge Susan M. Bazis, Filing No. 68, on the plaintiff's unopposed motion for preliminary approval of class action settlement and notice to class, Filing No. 65. Judge Bazis recommends that the court certify the proposed class, find the proposed settlement fair, reasonable and adequate, and preliminarily approve the proposed settlement pending a final fairness hearing.

The court reviews a magistrate judge's findings and recommendation according to the statutory standard stated in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); see Fed.R.Civ.P. 72(b) (stating identical requirements). If a party files an objection to the magistrate judge's findings and recommendation, the district court must "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (district court has "substantial control over the ultimate disposition of matters referred to a magistrate").

The court has reviewed the parties' submissions and the Magistrate Judge's Findings and Recommendation and finds that the Findings and Recommendation should be adopted. Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation of the United States Magistrate Judge (Filing No. 68) are adopted in full and incorporated herein by reference.

2. Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Class (Filing No. 65) is granted.

3. The following Settlement Class is preliminarily certified for settlement purposes:

> **FDCPA CLASS NO. 1**
> This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of Exhibit A attached to Plaintiffs Complaint (iii) in an attempt to collect an alleged debt (iv) which was for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.
>
> **FDCPA CLASS NO. 2**
> This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Requests for Admissions in the form of Exhibit C attached to Plaintiff's Complaint (iii) in an attempt to collect an alleged debt

(iv) which was for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

**NCPA CLASS NO. 1**
This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) against whom Defendants filed a county court collection complaint in the form of Exhibit A attached to Plaintiffs Complaint (iii) in an attempt to collect an alleged debt (iv) which was for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

**NCPA CLASS NO. 2**
This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent Requests for Admissions in the form of Exhibit C attached to Plaintiff's Complaint (iii) in an attempt to collect an alleged debt (iv) which was for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

4. The proposed Class Action Settlement Agreement (Filing No. 67-1) is preliminarily approved pending a final fairness hearing.

5. The Proposed Class Notice (Filing No. 67-2) is approved. Defendant Pansing, Hogan, Ernst and Bachman, L.L.P., is directed to cause the Notice, through a claims administrator, to be delivered to Class Members by Mail, based on address information gathered from business records of the defendants, and subsequent search of each name and address in the National Change of Address database.

6. Plaintiff Jannette Taylor is appointed as class representative. Pam Car and William Reinbrecht of the law firm Car & Reinbrecht, P.C. LLO, and Tregg Lunn of the Law Office of Tregg Lunn are appointed as class counsel.

7. A final fairness hearing is set for May 17, 2018 at 1:30 p.m. in Courtroom No. 3, Roman Hruska United States Courthouse, 111 South 18th Plaza, Omaha,

Nebraska 68102, to determine whether the proposed settlement is fair, reasonable, and adequate.

Dated this 8th day of December, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge