IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANNETTE TAYLOR, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>MERCHANTS CREDIT ADJUSTORS, INC., and PANSING, HOGAN, ERNST & BACHMAN, L.L.P.,<br><br>Defendants. | 8:16CV452<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on plaintiff's unopposed motion for attorneys' fees and costs and approval of an incentive award, Filing No. 73. Plaintiff entered into a settlement agreement with defendants. Filing No. 67-1. As part of the settlement, defendants agreed to pay plaintiff's costs, attorneys' fees, an incentive award and damages pursuant to 15 U.S.C. § 1692k(a)(3).[1] Plaintiff requests costs and attorneys' fees in the amount of $57,000. Defendants have agreed to that amount. Filing No. 67-1, p.8 ¶ 4.5. The settlement amount includes a discount of $19,681.10 from the lode star, and a damages and incentive award of $2,000.00 and $4,000.00 respectively.

Plaintiff filed this action alleging violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* Filing No. 1. The FDCPA mandates the payment of attorneys' fees and costs to a successful consumer. *Carroll v. Wolpoff & Abramson,* 53 F.3d 626, 628 (4th Cir. 1995) ("the fee award under § 1692k is mandatory in all but the most unusual circumstances").

---

[1] Defendants stated, "Defendants agree not to oppose Class counsel's costs, expenses, and attorneys' fees request in an amount not to exceed $57,000.00, such to Court approval, which Defendant Pansing will pay as set forth in Paragraph 14.1 herein."

Filing No. 67-1, p. 8 ¶ 4.5.

The court finds the plaintiff is entitled to an award for the damages incurred and an incentive award for serving as class representative in the amount requested. *See In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 463 (9th Cir. 2000) (class settlement).

In determining the attorney fees, the Court must apply the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974); *Zoll v. E. Allamakee Cmty. Sch. Dist.,* 588 F.2d 246, 252 (8th Cir. 1978) and *Allen v. Amalgamated Transit Union, Local 788,* 554 F.2d 876, 884 (8th Cir. 1977). The Johnson factors include: 1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The court has carefully reviewed the request for fees and costs. The court finds the hourly rates of $275.00 for attorney Tregg Lunn, $325.00 for William L. Reinbrecht and $350.00 for Pamela Car are reasonable for each lawyer as are the hours expended in this case. *See* Exs. 1, 1A, 2 and 2A. The court finds that counsel are experienced in consumer litigation cases. Counsel received the maximum statutory damages in this case pursuant to 15 U.S.C. § 1692k(a)(2)(B) and Neb. Rev. Stat. § 59-1601, *et seq.* There are not many attorneys who do this work in Nebraska, and counsel have become experts in this area. The court agrees that there are in fact opportunity costs when taking on these cases.

The court also finds the billing rates mentioned herein are reasonable, and similar rates have been previously awarded by this court. *Smith v. Gurstel Chargo*, P.A., 8:14-CV-183 (D. Neb. Mar. 31, 2015); *Henggeler v. Brumbaugh & Quandahl, P.C., LLO,* 2014 WL 793544 (D.

Neb. Feb. 26, 2014); *Birge v. Brumbaugh & Quandahl, P.C., LLO,* 2014 WL 688966 (D. Neb. Feb. 26, 2014); *Erickson v. Credit Bureau Servs., Inc.,* 2013 WL 672281 (D. Neb. Feb. 22, 2013). The fee award in *Powers v. Credit Mgmt. Serves., Inc.* (8:11-CV-436) (D. Neb. Nov. 29, 2016), Filing No. 227, was approximately the same rate for Ms. Car and Mr. Reinbrecht as requested here.

Next, the court realizes it is difficult to charge the client an hourly fee, as it might be greater than the recovery. Again, the plaintiff and the class recovered the maximum amount of statutory damages available to them in this case. The experience, reputation and ability of the attorneys in this case are indicative of the result in this case. For these reasons, the court finds the plaintiff's motion should be granted.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for attorneys' fees, Filing No. 73, is granted; and

2. Plaintiff is awarded her statutory damages of $2,000.00; an incentive award of $4,000.00 for her work, and $57,000 as costs and attorneys' fees.

Dated this 14th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge