IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANNETTE TAYLOR, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>MERCHANTS CREDIT ADJUSTORS, INC., and PANSING, HOGAN, ERNST & BACHMAN, L.L.P.,<br><br>Defendants. | 8:16CV452<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's motion for final approval of a class action settlement after a final fairness hearing on May 17, 2018, Filing No. 76. This is a class action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendants Merchants Credit Adjusters, Inc. ("MCA") and Pansing, Hogan, Ernst & Bachman, LLP ("Pansing") (collectively "Defendants") do not oppose the plaintiff's motion.

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Huyer v. Njema*, 847 F.3d 934, 939 (8th Cir. 2017). "The first factor is the 'single most important factor.'" *Id.* (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th

Cir. 1988)). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005). The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator or magistrate judge was involved in settlement negotiations. *See DeBoer*, 64 F.3d at 1178 (noting that multiple layers of scrutiny further militate in favor of the settlement). With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to district court. *Id.* at 1176.

Under the terms of the proposed settlement, Pansing will pay $23,320.00 to class members in the class designated FDCPA Fund 1 and $75,000.00 to class members in the class designated NCPA Fund 2. Filing No. 67-1, Settlement Agreement. The defendants will be released from the individual and class claims alleged in the lawsuit. *Id.* The court finds the proposed settlement satisfies all of the requirements for class certification under Fed. R. Civ. P. 23 and is fair, adequate and reasonable.

The court approved the parties' procedure for providing notice of the settlement to all class members identified from the defendants' records under Rule 23(c)(2)(B). Filing No. 68, Findings and Recommendation ("F&R") at 6; Filing No. 69, Order at 2. The record shows the defendants furnished the initial class list, containing just over 12,000 records, to the class administrator, Dahl Administration. Filing No. 78-1, Ex.1, Affidavit of Kelly Kratz ("Kratz Aff.") at 2. Prior to mailing the notices, the class administrator, Dahl Administration, followed its standard practice of checking for and removing exact duplicate records within the class list. *Id.* The parties notified the

2

proposed class members of the proposed settlement by mailing written notice of the proposed class action settlement to each of the 11,326 class members in the form approved by the court. *Id.* Of the 11,326 notices sent, 2,363 were returned as undeliverable and sent to a professional address search firm for tracing. *Id.* The search firm was able to locate 2,022 updated addresses for those that had been returned. One request for exclusion was received by the class administrator. *Id.* The class members also had an opportunity to object to the proposed settlement by filing a written objection. *Id.* No objections were filed or served on counsel. *Id.* No one appeared at the hearing to object to the settlement.

The court has granted the plaintiff's unopposed motion for an award of attorneys' fees in the amount of $57,000.00 and for statutory penalties and incentive payments to the class representative in the amount of $6000.00. Filing No. 79. The parties have shown that payments to members of Settlement Fund 2 for the NCPA class range from $746.77 to $4.54 and the total amount paid to class members from Settlement Fund 2 is $34,919.44. Filing No. 78-5, Ex. 2, Declaration of William Reinbrecht ("Reinbrecht Decl.") at 2; *id.*, Ex. 2A, Spreadsheet. The balance of $40,080.56 from the Actual Damages class will be paid on a pro rata basis to the 2,504 members of the FDCPA class. Filing No. 78-4, Ex. 2, Reinbrecht Decl. at 2. The parties have shown that each of the over 2,500 FDCPA Fund 1 class members will receive a check for approximately $25.00. *Id.*

The court approves payment to all class members of the FDCPA Class No. 1 and FDCPA Class No. 2 in the amount of each class member's pro rata share of Settlement Fund No. 1 plus the funds remaining after payment of claims from Settlement Fund No.

2. The court also approves the distribution to the members of NCPA Class No. 1 and NCPA Class No. 2 that is set forth in Filing No. 81 (Hearing Exhibit 1) and in the Spreadsheet at Filing No. 78-5.

The settlement provides that any funds remaining from settlement checks un-cashed (i.e., checks not cashed 90 days after the check date) or other undistributed funds shall be awarded to the mutually agreed-upon *cy pres* recipient. Filing No. 78-4 at 3. The court approves Legal Aid of Nebraska as the *cy pres* recipient. *Id.* At the final fairness hearing, the plaintiff orally moved for approval of payments from *cy pres* funds to seven class members who submitted claims after the deadline. The defendants are not opposed to that distribution. The court finds that request should be approved.

The parties have also shown compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"). Pursuant to 28 U.S.C. § 1715, the Settlement Administrator, served written notice of the proposed settlement on the appropriate state and federal regulators. Filing No. 78-1, Ex. 1, Kratz Aff. at 2. No response or objection was received from any regulatory body. *Id.*

For settlement purposes the court preliminarily ruled that the proposed class satisfies each of the Fed. R. Civ. P. 23(a) and (b) prerequisites. *See* Filing Nos. 68, Findings & Recommendation; 69, Order of Preliminary Approval. The court's findings in those orders are incorporated herein.

The court now finds the settlement should be granted final approval. The court further finds that the requirements of due process have been met as to the method and content of the notice to the class members. The court has reviewed the notices and proofs of service and finds them satisfactory. The court further finds that the settlement

agreement is fair and reasonable. In addition to providing some monetary compensation to class members, the proposed settlement provides the important benefit of injunctive relief in that the defendants have altered their business practices. There are no objections to the settlement. Under the circumstances, the court finds the settlement is fair, reasonable, adequate and in the best interests of the class. Accordingly, the court finds that the proposed settlement should be approved.

IT IS ORDERED:

1. The plaintiff's motion for final approval of a class action settlement ([Filing No. 76](#)) is granted.

2. A final order of approval of class action settlement and a judgment will issue this date.

Dated this 23rd day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge